616 P.2d 414
**John D. WARD and Jean S. Ward, Petitioners,**

v.

**FIRST NATIONAL BANK IN ALBUQUERQUE, Respondent.**

No. 12990.

Supreme Court of New Mexico.

July 15, 1980.

Joseph H. Mercer, Albuquerque, for petitioners.

Rodey, Dickason, Sloan, Akin & Robb, Victor R. Marshall, Albuquerque, for respondent.

## OPINION

EASLEY, Justice.

Our opinion filed June 30, 1980 is hereby withdrawn and the following substituted therefor.

First National Bank in Albuquerque (Bank) sued the Wards for $5,000.00 on their guaranty for the indebtedness of Aspen Construction (Aspen). The trial court dismissed the Bank's complaint. The Court of Appeals reversed and remanded. We granted the Wards' petition for writ of certiorari and now affirm in part and reverse in part.

The issue is whether a contract unconditionally guaranteeing payment of another's debts can be abrogated by the negligence of the creditor which results in a debt not being discharged in bankruptcy.

The Wards were the sole stockholders in Aspen. The Wards entered into a contract with the Bank which unconditionally guaranteed payment on the debts of Aspen to the Bank of up to $5,000.00. Aspen, in payment of a $5,000.00 debt, wrote a postdated check to Allstate Lathing and Plastering Company (Allstate) for $5,000.00. The day before Allstate presented the check to the Bank for payment, Aspen's bookkeeper called the Bank and ordered a stop-payment on the check, allegedly because Allstate had not finished the work for which the check was payment. The Bank cashed the check anyway, but upon learning of its mistake the Bank recredited Aspen's account for $5,000.00. Aspen filed a petition in bankruptcy a month later.

It is undisputed that Aspen's bankruptcy would have discharged the debt to Allstate. Since the Bank had already paid Allstate and is now suing the Wards for the $5,000.00, in effect, the Wards claim they are being asked to reimburse the Bank for its mistake in not stopping payment on the check.

In dismissing the Bank's complaint, the trial court in sum found that the Bank could not sue on the Wards' continuing guaranty for the $5,000.00 it had negligently paid. On appeal, the Court of Appeals reversed and remanded for entry of judgment for the Bank. The Court of Appeals reasoned that there was no evidence demonstrating that Aspen suffered a loss as a result of the Bank's wrongful payment of the check. Since the trial court's conclusion of law that Allstate was entitled to payment of the $5,000.00 went unchallenged, and since the obligation of Aspen to Allstate at the moment of wrongful payment was found to be a valid and subsisting one, the Bank became subrogated to Allstate's

rights as a creditor of Aspen at the point of wrongful payment. Therefore, the Court of Appeals concluded, the continuing guaranty of the Wards covered the indebtedness of Aspen at that point and Aspen's discharge in bankruptcy could not nullify the debt retroactively. We agree with the Court of Appeals.

As the Court of Appeals pointed out, the Wards waived any right to assert Aspen's discharge in bankruptcy as a defense to any effort by the Bank to collect on the debts of Aspen. The guaranty contract provided:

(1) For valuable consideration, the undersigned (hereinafter called Guarantors) [Wards] jointly and severally *unconditionally* guarantee and promise to pay to FIRST NATIONAL BANK IN ALBUQUERQUE (hereinafter called Bank), or order, on demand in lawful money of the United States, any and all indebtedness of *ASPEN CONSTRUCTION CO., INC.* (hereinafter called Borrowers) to Bank.
\* \* \*

\* \* \* \* \* \*

Guarantors *waive any defense* arising by reason of any disability or other defense of Borrowers or *by reason of the cessation from any cause whatsoever of the liability of Borrowers.* . . . (Emphasis added.)

 It is clear that a discharge in bankruptcy qualifies as a "cessation from any cause whatsoever of the liability of Borrowers. In addition, suretyship law holds that a surety's (guarantor's—the Wards') obligation to the creditor (the Bank) is not discharged by the principal's (Aspen's) discharge in bankruptcy. *See* L. Simpson, *Handbook on the Law of Suretyship,* § 67 (1950). Simpson discusses the reasoning behind this rule and states the following, *Id.* at 311:

Since the creditor most needs a surety under such circumstances [when principal goes bankrupt], and the surety is no worse off because of what the creditor has done [sought in vain to collect from the principal], it seems reasonable to assume that payment by the surety under such circumstances was contemplated.

In *American Bank of Commerce v. Covolo,* 88 N.M. 405, 540 P.2d 1294 (1975) a creditor failed to perfect its security interest in a liquor license; when the principal declared bankruptcy, the creditor sued the guarantor on the principal's indebtedness. Despite the fact that the proceeds in bankruptcy would have been sufficient to extinguish the guarantor's liability to the creditor if the security interest in the liquor license had been perfected, this Court held that the guarantors were still liable on their guaranty made to the creditor. This Court there noted that the rights of the guarantor as against the creditor were determined by the terms of the contract between them and that there was no lack of good faith on the part of the creditor, although its omissions were arguably negligent. This supports our holding today.

In the present case the Court of Appeals remanded with instructions to not only enter judgment for the Bank as concerns the Wards' liability, but to award interest and attorney fees in favor of the Bank. In spite of our holding today that the Wards are still liable on their guaranty contract, we think the Bank should not escape unscathed for its negligence. As the Official Comment to Section 55–4–403, N.M.S.A.1978 (1979 Supp.), states: "the inevitable occasional losses" caused by failure of a bank to stop payment on a check after a customer has so ordered should be borne by the bank as a cost of the business of banking. Although we conclude that the provisions of an express unconditional guaranty override the general rules laid out by the Uniform Commercial Code, § 55–1–101 *et seq.,* N.M. S.A.1978 (1979 Supp.), we hold that the Bank here should bear the cost of the litigation stemming from its negligence.

We affirm the Court of Appeals as concerns the remand to the trial court to vacate the trial court's prior judgment and enter judgment for the Bank. We reverse the Court of Appeals as concerns the remand for entry of judgment for interest and attorney fees in favor of the Bank. Rather, we remand with instructions to the

trial court to assess attorney fees and costs against the Bank in favor of the Wards.

IT IS SO ORDERED.

SOSA, C. J., and PAYNE, FEDERICI and FELTER, JJ., concur.